# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JONATHAN D. ROWE                                                                                           PLAINTIFF

v.                                        1:13CV00105-DPM-JJV

MARK COUNTS, Sheriff, Sharp County                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Jonathan Rowe, an inmate at the Sharp County Detention Center, filed this *pro se* action alleging inadequate medical care and treatment in violation of his Eighth Amendment rights. The Court granted his Application to Proceed Without Prepayment of Fees on November 19, 2013, and provided him with the opportunity to submit an Amended Complaint within thirty days, to include specific allegations of unconstitutional conduct against the Defendant (Doc. No. 3).[1] However, as of this date, Plaintiff has not submitted an Amended Complaint. Having reviewed the Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.  SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] The Court also informed Plaintiff of Local Rule 5.5(c)(2), which provides that *pro se* actions may be dismissed if a Plaintiff does not respond to communications from the Court within thirty days.

1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS AND ANALYSIS

The Court noted in the November 19, 2013, Order that Plaintiff failed to include any specific allegations against Sheriff Counts and it appeared Plaintiff had sued him based on supervisory authority. Supervisory liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's alleged unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when his corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Absent allegations of Sheriff Counts's personal involvement and/or knowledge in the alleged incidents in the Complaint, the Court finds the Complaint should be dismissed.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.     Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2      This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.     The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

DATED this 8th day of January, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.